UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANDREW BRYAN,

    Plaintiff,                                 Case No.:

v.

MORPHISEC INC., a Foreign
For Profit Corporation,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff ANDREW BRYAN, by and through his undersigned counsel brings this action against Defendant MORPHISEC, INC., pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101, as amended by the ADA Amendments Act of 2008 ("ADAAA"), the Florida's Workers' Compensation Law in violation of §440.205 and the Florida Civil Rights Act, and in support of states as follows:

## NATURE OF CASE

This is an action to remedy discrimination pursuant to the provisions of the Americans with Disabilities Act, as amended ("ADAAA"), Florida's Workers' Compensation Law ("FWCL") and the Florida Civil Rights Act ("FCRA"). Plaintiff is seeking damages including back pay, front pay, compensatory damages, liquidated damages, punitive damages (if permitted to

be pled), attorneys' fees and costs, and any other relief to which the Plaintiff is entitled including but not limited to equitable relief.

## JURISDICTION & VENUE

1. This is an action at law that raises a federal question under federal law.

2. The Court has jurisdiction over this complaint pursuant to 28 U.S.C. §1331 and has subject matter jurisdiction over Plaintiff's state law claims.

3. The Plaintiff's claims arise under the laws of the United Sates. Venue is proper pursuant to 28 U.S.C. §1391.

4. Additionally, the events giving rise to this action occurred within this District.

## PARTIES

5. Plaintiff was hired by Defendant on August 1, 2022, as a Senior Director of Sales Engineering Worldwide.

6. Plaintiff remained in this position until his unlawful termination on April 18, 2023.

7. Plaintiff was employed by Defendant in Bradenton, Manatee County, Florida.

8. Defendant MORPHISEC, INC., is a foreign for-profit corporation

9. Defendant employs more than fifty (50) employees.

10. Plaintiff was an "employee" as defined by the ADAAA.

11. Defendant is an "employer" as defined by the ADAAA.

12. Plaintiff was an "employee" as defined by the FWCL.

13. Defendant is an "employer" as defined by the FWCL.

14. Plaintiff was an "employee" as defined by the FCRA.

15. Defendant is an "employer" as defined by the FCRA.

### ADAAA AND FCRA STATUTORY PREREQUISITES

16. At all times material hereto, Plaintiff was an individual with a disabling medical condition who suffered discrimination based on his disability.

17. As such, Plaintiff is a member of a class of individuals protected by the ADAAA and FCRA.

18. At all times material to the allegations herein, Plaintiff was qualified for his position of employment as a Senior Director of Sales Engineering Worldwide.

19. Defendant meets the statutory criteria for coverage as an "employer" under the ADAAA and the FCRA.

20. Plaintiff meets the statutory criteria for coverage as an "employee" under the ADAAA and the FCRA.

21. Plaintiff timely filed his Charge of Discrimination with the EEOC on or around July 12, 2023.

22. The EEOC issued a Dismissal and Notice of Rights on May 13, 2024.

23. Therefore, the initial Complaint in this action is being filed within 90 days of Defendant receiving his right-to-sue letter.

24. Accordingly, Plaintiff has complied with all other ADAAA and FCRA requirements and all prerequisites prior to bringing this action.

## FACTS

25. Plaintiff was employed with Defendant from August 1, 2022, through April 18, 2023.

26. Defendant is a provider of world-leading prevention-first software that stops ransomware and other advanced attacks on corporate computer networks and systems.

27. Plaintiff was hired for the position of Global Sales Engineering Director.

28. As Global Sales Engineering Director, Plaintiff was responsible for developing and making sales pitches to help clients understand and feel confident in the Company's product.

29. Plaintiff reported to the Chief Revenue Officer, Rudy Cifolelli, as well as working alongside the Chief Financial Officer, Ron Reinfeld, to deliver the technical aspects of the sales process.

30. Plaintiff successfully worked within the Company to replace the Sales Engineering Team with talented Senior Engineers that had experience delivering large-scale success in the Enterprise account the Company was targeting.

31. Plaintiff was responsible for training these employees in both the United States and India.

32. Plaintiff was tasked with traveling to Israel for Sales Kickoff and to meet with engineering teams to develop a strong working relationship with the department heads as well as to start lining up additional material for onboarding the Sales Engineering Team.

33. Plaintiff also frequently traveled to Boston, New York City, Chicago, and Atlanta, where he was responsible for scheduling prospect and customer meetings in addition to various speaking engagements.

34. On February 23, 2023, while on a business trip to Fort Myers, Florida for a prospect meeting, Plaintiff was involved in a serious car accident.

35. As a result, Plaintiff sustained several injuries to his back, including seven herniated discs in his cervical and thoracic vertebrae.

36. The accident left Plaintiff with severe injuries that affected one or more major life activities, including walking, standing, bending and lifting, all disabling conditions under the ADAAA.

37. Plaintiff immediately notified Defendant of the accident and his need for workers compensation benefits.

38. After some time off for doctors' appointments and therapy, Plaintiff returned to work.

39. However, on or around March 2023, Defendant informed Plaintiff that he could not attend any of his previously committed travel plans to New York City, Nashville, and Boston.

40. Plaintiff was advised that due to his medical condition, he could not travel.

41. However, Plaintiff had no medical restrictions related to his ability to travel.

42. Instead of his normal travel-related duties, Plaintiff was tasked with assisting and preparing training sessions for new employees onboarding for all the different engineering and product groups.

43. Shortly thereafter, the Plaintiff was informed by Defendant that he could no longer work or travel.

44. Again, Plaintiff did not have any medical restrictions prohibiting him from working or traveling.

45. On or around April 2023, Plaintiff was not allowed to attend the RSA event in San Francisco, California, nor the Quarterly Briefings in Boston, Massachusetts.

46. On April 18, 2023, Defendant terminated his employment.

47. At all times material, Plaintiff performed well while working for the Defendant.

48. Defendant's reason for Plaintiff's termination was false and a pretext for discrimination and retaliation because of Plaintiff's disability.

## COUNT I
## DISCRIMINATION UNDER THE ADAAA

49. Plaintiff re-alleges and adopts the allegations of paragraphs 1 through 48 above as if fully set forth herein.

50. Plaintiff suffers from a disabling medical condition pursuant to the ADAAA.

51. Plaintiff was discriminated against by the Defendant due to his disability in violation of federal law.

52. Defendant failed to engage in the interactive process to determine whether any accommodation could be given to Plaintiff without creating an undue hardship to Defendant.

53. Defendant denied Plaintiff reasonable accommodation as required by federal law.

54. Plaintiff is protected by the ADAAA:

   a. Plaintiff is a disabled employee who suffered discrimination because of his disability by Defendant; and

7

   b. Plaintiff suffered an adverse employment action as a result of his disability.

55. Defendant was at all material times "employers" as envisioned and defined by the ADAAA.

56. Plaintiff's medical condition is a protected disability under the ADAAA, as amended. *See* 42 U.S.C. § 12102.

57. Defendant's actions unquestionably constitute disability discrimination in violation of the ADAAA, as amended.

58. By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADAAA.

59. Defendant does not have a non-discriminatory rationale for denying Plaintiff's accommodation request.

60. Plaintiff was a disabled individual during his employment. Therefore, he is a member of a protected class as envisioned by the ADAAA.

61. Plaintiff suffered sufficiently severe and pervasive treatment because of his disability and/or "perceived disability," and request for accommodation regarding same.

62. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADAAA.

63. The discrimination to which Plaintiff was subjected was based on

his disability.

64. The conduct of Defendant, its agents, and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

65. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle him to an award of punitive damages against Defendant to deter it, and others, from such conduct in the future.

66. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the ADAAA.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

    a. Back pay and benefits;

    b. Interest on backpay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages for emotional pain and suffering;

    e. Injunctive relief;

    f. Prejudgment interest; and

    **g.** Costs and attorney's fees

## COUNT II
## DISABILITY DISCRIMINATION IN VIOLATION OF THE FCRA

67. Plaintiff re-alleges and adopts the allegations of paragraphs 1 through 48 above as if fully set forth herein.

68. Plaintiff brings this cause of action pursuant to Section 760.07, F.S.

69. Plaintiff is a member of a protected class because he suffers from disabling medical conditions.

70. At all material times, Plaintiff was qualified to perform his job duties.

71. Plaintiff was treated less favorably than similarly situated non-handicapped employees.

72. Defendant discriminated against Plaintiff because of his handicap.

73. The acts of Defendant, by and through their agents and employees, violated Plaintiff's rights against discrimination under the FCRA because they treated Plaintiff less favorably because of his handicap.

74. Defendant does not have a legitimate, non-discriminatory reason for firing Plaintiff.

75. The conduct of Defendant and its agents and employees, proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and

suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

76. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of the Plaintiff, as to entitle him to an award of punitive damages against Defendant, to deter Defendant, and others, from such conduct in the future.

77. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the FCRA.

78. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages for emotional pain and suffering;

    e. Injunctive relief;

    f. Prejudgment interest;

    g. Costs and attorney's fees; and

    h. Such other relief as the Court may deem just and proper.

## COUNT III
## RETALIATION IN VIOLATION OF § 440.205, FLORIDA STATUTES

79. Plaintiff re-alleges and adopts the allegations of paragraphs 1 through 48 above as if fully set forth herein.

80. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against retaliation under the §440.205, Florida Statutes.

81. Plaintiff was terminated by Defendant for attempting to claim compensation under the Workers' Compensation Law (Chapter 440, Florida Statutes).

82. The retaliation to which Plaintiff was subjected to was based on his disability.

83. The retaliation to which Plaintiff was subjected was based on his attempt to claim compensation under the Workers' Compensation Law (Chapter 440, Florida Statutes).

84. Defendant did not have a legitimate, non-discriminatory/retaliatory reason for Plaintiff's termination.

85. As a direct, natural, proximate and foreseeable result of the actions of Defendant and its agents and employees Plaintiff has suffered injuries for which he is entitled to compensation, including but not limited to, lost wages and benefits, future pecuniary losses, emotional pain, suffering,

humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

86. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

87. Defendants' violations of the Workers' Compensation Law were willful.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages for emotional pain and suffering;

    e. Injunctive relief;

    f. Prejudgment interest;

    g. Costs and attorney's fees; and

    h. Such other relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated this 26th day of July, 2024.

>*/s/ Anthony J. Hall*
>Anthony J. Hall, Esq. – LEAD COUNSEL
>Fla. Bar No.: 40924
>**THE LEACH FIRM**
>1560 N. Orange Ave., Suite 600
>Winter Park, FL 32789
>Tel: 407-574-4999
>Fax: 321-594-7316
>Email: ahall@theleachfirm.com
>Email: aperez@theleachfirm.com
>*Counsel for Plaintiff*